UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINE EDWARDS | CIVIL ACTION |
| VERSUS | NO. 24-619 |
| CARL J. BARBIER, ET AL. | SECTION "E" (2) |

### ORDER AND REASONS

Plaintiff Antoine Edwards is a prisoner housed in the Louisiana State Penitentiary in Angola, Louisiana. ECF No. 1, at 8. He filed a civil rights complaint against Senior United States District Judge Carl J. Barbier of the Eastern District of Louisiana ("EDLA"), United States Magistrate Judge Janis van Meerveld of the EDLA, Chief Circuit Court Judge Priscilla Richman of the United States Fifth Circuit Court of Appeals ("Fifth Circuit"), Circuit Judge Jennifer W. Elrod of the Fifth Circuit, and Deputy Clerk Melissa Shanklin of the Fifth Circuit. *Id.*, ¶¶4-7, at 3-4. Under a broad reading of his complaint, Edwards alleges that the defendants have engaged in misconduct by interfering with his efforts to overturn his state court conviction by denial of relief in his federal habeas corpus proceedings in the EDLA and via the denial of relief in the judicial complaint process at the Fifth Circuit.

Although Edwards has not corrected his complaint as required by the clerk of court's Notice of Deficiency, he has provided the court with a pauper application in response to the clerk's notice. Having reviewed the deficient complaint, the court finds that it is sufficient to proceed with this matter, although for the following reasons, Edwards is not entitled to proceed as a pauper.

Edwards is a prolific filer[1] who, while incarcerated, has filed three prior civil rights complaints or appeals in the federal courts that were dismissed as frivolous and/or for failure to

---

[1] According to the PACER system, Edwards has filed at least 12 prior civil rights suits in 2022 and 2023, mostly in

state a claim for which relief could be granted before he sought to proceed as a pauper in this case. *See Edwards v. State of Louisiana*, Civ. No. 22-2171 (E.D. La. Jan. 30, 2023) (dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted); *Edwards v. Rheems*, Civ. No. 22-290 (M.D. La. Feb. 7, 2023) (same); *Edwards v. Rheems*, App. No. 23-30109 (5th Cir. Aug. 14, 2023) (declared a "strike" as a frivolous appeal).

The passage of the Prison Litigation Reform Act ("PLRA") was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 136-37 (5th Cir. 1996) (quoting *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996)). The goals of 28 U.S.C. § 1915 were modified by the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees: "Because *in forma pauperis* status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F. Supp. 283, 288 (E.D. Mo. 1992). For example, § 1915(g) provides that a prisoner shall not be allowed to bring a civil action as a pauper pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Edwards has accumulated three "strikes" under the PLRA and § 1915(g), he is prohibited from proceeding as a pauper in this civil action unless he fits within the "imminent

---

the Middle District of Louisiana and most of which have been dismissed for failure to prosecute and/or remain pending awaiting cure of filing deficiencies.

danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture.[2] Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed.[3] This statutory exception refers to "a genuine emergency" in which "time is pressing."[4] An inmate who claims the benefit of this exception must also show that the alleged danger faced rises to the level of exposure to a "serious physical injury."[5] The mere possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[6] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[7]

Edwards has not alleged nor does his complaint demonstrate that he is in the type of imminent danger of serious physical injury at the level required by the PLRA to invoke the genuine emergency exception. Edwards complains about his continued detention as a result of a conviction from which he has been unable to gain relief in both state and federal post-conviction proceedings. His claims do not involve and do not allege physical harm or imminent danger.

---

[2] *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (per curiam); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).
[3] *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011).
[4] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").
[5] 28 U.S.C. § 1915(g).
[6] *See Heimerman*, 337 F.3d at 782 (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[7] *Davis v. Stephens*, No. 14-10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture.[2] Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed.[3] This statutory exception refers to "a genuine emergency" in which "time is pressing."[4] An inmate who claims the benefit of this exception must also show that the alleged danger faced rises to the level of exposure to a "serious physical injury."[5] The mere possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[6] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[7]

Edwards has not alleged nor does his complaint demonstrate that he is in the type of imminent danger of serious physical injury at the level required by the PLRA to invoke the genuine emergency exception. Edwards complains about his continued detention as a result of a conviction from which he has been unable to gain relief in both state and federal post-conviction proceedings. His claims do not involve and do not allege physical harm or imminent danger.

---

[2] *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (per curiam); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).
[3] *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011).
[4] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").
[5] 28 U.S.C. § 1915(g).
[6] *See Heimerman*, 337 F.3d at 782 (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[7] *Davis v. Stephens*, No. 14-10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

The court, therefore, finds that Edwards is not entitled to proceed *in forma pauperis* in this matter. Accordingly,

**IT IS ORDERED** that the clerk of court **TERMINATE** the deficiency assigned to plaintiff Antoine Edwards' complaint for purposes of entering this order.

**IT IS FURTHER ORDERED** that plaintiff Antoine Edwards' application for leave to proceed as a pauper is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this  10th  day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE