UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINE EDWARDS | CIVIL ACTION |
| VERSUS | NO. 24-619 |
| CARL J. BARBIER, ET AL. | SECTION "E" (2) |

## **PAUPER ORDER**

Plaintiff Antoine Edwards, an inmate housed in the Louisiana State Penitentiary, filed a motion for reconsideration of the court's order denying him pauper status under the Prison Litigation Reform Act's ("PLRA") "three strikes" rule pursuant to 28 U.S.C. § 1915(g).  EFC No. 8.  As outlined in the court's order denying him pauper status, Edwards has had at least three prior civil rights complaints or appeals in the federal courts that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted.  ECF No. 7, at 1-2.  He also did not allege nor did his complaint show that he was experiencing, at the time of filing,[1] imminent danger of serious physical injury as required to meet the exception to the three-strikes rule provided in § 1915(g).  *Id*. at 3.

Broadly construing his motion, Edwards claims that he was kidnapped and is being unconstitutionally held in prison as a result of administrative errors and for political reasons.  ECF No. 8, at 1; *id*., ¶2, at 2.  He also claims that he has been seeking the assistance of the attorney general since August 26, 2019, to correct his wrongful conviction and detention.  *Id*., ¶3, at 2.

---

[1] *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("In order to implement this statutory scheme, we must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP*.  Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made." (emphasis in original)).

He asserts that he desires to proceed under the 14th Amendment's equal protection of the law and as a pauper pursuant to § 1915(a). *Id*., ¶4, at 3.

Edwards has not provided any basis for this court to reconsider the application of the three strikes rule under § 1915(g). His incarceration alone is insufficient to demonstrate any danger much less the type of danger necessary to meet the imminent danger exception to the rule.[2] To the extent Edwards' motion may be read to claim that the PLRA's three-strikes rule runs afoul of the Equal Protection Clause, the United States Fifth Circuit has already rejected that argument and held that the three strikes provision does not violate equal protection.[3] Thus, without having demonstrated that, at the time of filing, he was in imminent danger of serious physical injury, Edwards is prohibited from proceedings as a pauper.

If Edwards wishes to proceed with this civil action, he will have to submit the $405.00 filing fee to the clerk of court's office. Accordingly,

**IT IS ORDERED** that Edwards' Motion for Reconsideration of Pauper Status (ECF No. 8) is **DENIED**.

New Orleans, Louisiana this 26th day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) ("General assertions, however, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (citation omitted)); *Lester v. S.C.D.C.*, No. 21-3026, 2021 WL 6494756, at *3 (D.S.C. Sep. 23, 2021) ("The mere fact that Plaintiff is in prison is insufficient to establish an imminent danger of serious physical injury.") (quoting *Blakely v. White*, No. 15-03782, 2015 WL 6549172, at *1 (D.S.C. Oct. 26, 2015)); *Sutton v. Dist. Atty.'s Office, of Gwinnett Superior Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) (allegations that plaintiff's "'illegal sentence and convictions' ha[d] 'endangered his physical health' by 'causing him stress, anxiety, depression, and further his life is deteriorating'" were insufficient to invoke imminent danger exception under § 1915(g)).
[3] *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).