# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE EDWARDS,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-619** |
| **CARL J. BARBIER, ET AL.,**<br>  Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Antoine Edwards' appeal of Magistrate Judge Donna Phillips Currault's Orders and Reasons issued on April 10, 2024, and April 26, 2024.[1] For the following reasons, Mr. Edwards' Motion to Review is **DENIED**.

## BACKGROUND

Plaintiff Edwards is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[2] On March 7, 2024, Mr. Edwards filed a civil rights complaint alleging several defendants[3] improperly interfered with his efforts to overturn his state court conviction by denying relief in his federal habeas corpus proceedings before the Eastern District of Louisiana ("EDLA") and by denying relief in the judicial complaint process before the Fifth Circuit.[4] Mr. Edwards submitted an application for leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915.[5]

On April 10, 2024, Magistrate Judge Currault issued an Order and Reasons denying Mr. Edwards' application to proceed *in forma pauperis* (the "April 10 MJ

---

[1] R. Doc. 17.
[2] R. Doc. 1 at p. 8.
[3] Named as Defendants therein are Senior United States District Judge Carl J. Barbier of the Eastern District of Louisiana ("EDLA"), United States Magistrate Judge Janis van Meerveld of the EDLA, Chief Circuit Court Judge Priscilla Richman of the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), Circuit Judge Jennifer W. Elrod of the Fifth Circuit, and Deputy Clerk Melissa Shanklin of the Fifth Circuit. R. Doc. 1.
[4] *See id.*
[5] R. Doc. 6.

1

Order"), finding he "has accumulated three 'strikes'" under the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915(g), which precludes him from "proceeding as a pauper in this civil action."[6] Specifically, the April 10 MJ Order noted Mr. Edwards "is a prolific filer who, while incarcerated, has filed three prior civil rights complaints or appeals in the federal courts that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted before he sought to proceed as a pauper in this case."[7] Finding Mr. Edwards "has not alleged nor does his complaint demonstrate that he is in the type of imminent danger of serious physical injury at the level required by the PLRA to invoke the genuine emergency exception" of 28 U.S.C. § 1915(g), Magistrate Judge Currault found Mr. Edwards is not entitled to proceed *in forma pauperis* in this matter.[8]

Mr. Edwards filed a motion for reconsideration of the April 10 MJ Order,[9] which Magistrate Judge Currault denied on April 26, 2024 (the "April 26 MJ Order"), finding he did "not provide[] any basis for th[e] court to reconsider the application of the three strikes rule under U.S.C. § 1915(g)."[10] Mr. Edwards subsequently filed objections[11] and noticed appeal of the April 26 MJ Order to the Fifth Circuit.[12]

On August 13, 2024, Mr. Edwards filed the instant motion to request petition for redress (the "Motion to Review"),[13] which the Court construes as an appeal of the April 10 MJ Order denying his application for leave to proceed *in forma pauperis*[14] and the April 26 MJ Order denying his motion for reconsideration of the April 10 MJ Order.[15]

---

[6] R. Doc. 7 at p. 2.
[7] *Id.* at pp. 1-2.
[8] *Id.* at p. 4.
[9] R. Doc. 8.
[10] R. Doc. 9 at p. 2.
[11] R. Doc. 10.
[12] R. Docs. 11, 13.
[13] R. Doc. 17.
[14] R. Doc. 7.
[15] R. Doc. 9.

2

**LAW AND ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to a district judge.[16] A magistrate judge is afforded broad discretion in resolving non-dispositive pretrial motions.[17] A magistrate judge's order may be reversed only when it is found to be clearly erroneous or contrary to law.[18] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[19] A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure."[20]

"For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion."[21] "[A] court by definition abuses its discretion when it applies an incorrect legal standard."[22] Decisions applying an incorrect legal standard are reviewed de novo.[23] Under Local Rule 72.1, the determination of pauper status is "automatically referred to the magistrate judge,"[24] thus this Court reviews the magistrate judge's rulings for abuse of discretion.

Having reviewed the April 10 and April 26 MJ Orders, this Court finds that Magistrate Judge Currault's legal conclusions are not clearly erroneous or contrary to law.

---

[16] FED. R. CIV. P. 72(a); L.R. 72.2.
[17] *McCallon v. BP Am. Prod. Co.*, 05–0597, c/w 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[18] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[19] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).
[20] *Energy Intelligence Grp., Inc. v. Canal Barge Co.*, 12-2107, 2014 WL 201698, at *1 (E.D. La. Jan. 17, 2014) (citations omitted).
[21] *Id.* (citations omitted). *See also Territa v. Oliver*, 11-1830, 2013 WL 6490338, at *1 (E.D. La. Dec. 10, 2013); *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 06-4350, 2008 WL 4724390, at *1 (E.D. La. Oct. 24, 2008); *Bolding v. C.I.R.*, 117 F.3d 270, 273 (5th Cir. 1997).
[22] *Benavides v. Chicago Title Inc. Co.*, 636 F.3d 699, 701 (5th Cir. 2011) (citing *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)); *see also Klier v. Elf Atochem North America, Inc.*, 658 F.3d 468, 474 (5th Cir. 2011) (citing *Koon v. United States*, 518 U.S. 81, 100 (1996)).
[23] *Klier*, 658 F.3d at 474.
[24] LR 72.1(B)(1).

28 U.S.C. § 1915(g) precludes a plaintiff from proceeding *in forma pauperis* when "the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[25] The only exception to the "three strikes" rule is reserved for when "the prisoner is under imminent danger of serious physical injury."[26] Although Mr. Edwards does not point out specifically how he believes Magistrate Judge Currault erred,[27] the Court has carefully reviewed the record, the Motion to Review,[28] the April 10 MJ Order,[29] the April 26 MJ Order,[30] and the applicable law, and finds Mr. Edwards is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) and has not demonstrated he is under imminent danger of serious physical injury to warrant application of the provision's exception.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff Edwards' Motion to Review is **DENIED**.[31]

**New Orleans, Louisiana, this 19th day of August, 2024.**

                                                *Susie Morgan*
                                              **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

[25] 28 U.S.C. § 1915(g).
[26] *Id.*
[27] R. Doc. 17.
[28] *Id.*
[29] R. Doc. 7.
[30] R. Doc. 9.
[31] R. Doc. 17.